UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/14

------------------------------------x

ENDO PHARMACEUTICALS INC.,

                Plaintiff,

– against –

ACTAVIS INC. et al.,

                Defendants.

------------------------------------x

12 Civ. 8985 (TPG)

**ORDER**

Endo Pharmaceuticals Inc. ("Endo") brings this action against Actavis Inc. et al. ("Actavis") for allegedly infringing patents related to its opioid painkiller, OPANA® ER. Actavis now moves to bifurcate damages from liability, and Endo consents.

The motion to bifurcate is granted.

**Background**

In 2006, Endo began selling OPANA® ER, an extended-release painkiller. Endo sued Actavis for patent infringement in 2008, and the parties entered into a settlement agreement in 2009. Based on its understanding of the settlement agreement, Actavis began selling two generic versions of OPANA® ER.

In 2012, Endo brought this action against Actavis based on three patents that were not at issue in the 2008 litigation. This court denied Endo's motion for a preliminary injunction in August 2013, and, subsequently, Actavis began selling its generic product in additional dosage forms.

Endo also filed patent-infringement actions against over a dozen other pharmaceutical manufacturers based on the same patents at issue in the case against Actavis. Endo does not seek damages against the other manufacturers because their products are still awaiting approval by the Food and Drug Administration and have not been sold on the market.

By letter dates April 11, 2014, Endo informed the court that it consents to Actavis' motion to bifurcate.

## Discussion

Federal Rule of Civil Procedure 42(B) states that a district court may bifurcate a trial "for convenience, to avoid prejudice, or to expedite and economize." Both the Federal and Second Circuits have held that district courts have discretion to bifurcate damages from liability. See D'Cunha v. Genovese/Eckerd Corp., 415 F. App'x 275, 278 (2d Cir. 2011); Robert Bosch, LLC v. Pylon Mfg. Corp., 719 F.3d 1305, 1319 (Fed. Cir. 2013).

In this case, bifurcating damages from liability serves purposes of convenience and efficiency. The related cases involve dozens of generic products manufactured by over a dozen defendants and raise hundreds of issues. Bifurcating damages will simplify the liability trial and avoid having other manufacturers participate in a portion of the proceedings that undoubtedly will not affect them.

Additionally, if Actavis prevails on liability, then the question of damages becomes moot. That fact is especially important in patent cases, which often involve "notoriously complex and expensive" damages trials. Bosch, 719 F.3d at

1316. Avoiding a situation in which the parties and this court expend considerable time and money litigation an issue that may become moot promotes judicial efficiency and economy. Furthermore, bifurcation does not prejudice either party. Both consent to bifurcation.

### Conclusion

The court grants the motion to bifurcate damages from liability.

SO ORDERED.

Dated: New York, New York
       May 7, 2014

_____
Thomas P. Griesa
U. S. District Judge